*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KELLIE NICHOLE STOCK,

Defendant-Appellant.

UNPUBLISHED
December 26, 2019

No. 340541
Wayne Circuit Court
LC No. 17-003509-01-FC

Before: RONAYNE KRAUSE, P.J., and CAVANAGH and SHAPIRO, JJ.

SHAPIRO, J. (*concurring in part and dissenting in part*).

I concur with my colleagues in all respects except their conclusion that there was sufficient evidence to support the conviction of operating a motor vehicle while intoxicated causing death, MCL 257.625(4)(a). The conclusion that defendant was intoxicated rested on post-accident urine and blood tests that were positive for an unidentified "cocaine metabolite," not cocaine. Presence of a metabolite is not conclusive proof that a defendant was intoxicated at the time of the crash. See *People v Feezel*, 486 Mich 184; 783 NW2d 67 (2010). The prosecution offered no proof that the presence of a metabolite was the equivalent of the presence of cocaine itself or how long the relevant metabolite remains in the blood stream following use of cocaine. The majority concludes that *Feezle* is not relevant here, noting that the marijuana metabolite has no pharmacological or intoxicating effect. The same is true here; we have no basis to conclude that the cocaine metabolite indicated use on the day of the crash nor that the quantity of the metabolite correlates to actual intoxication. The majority concludes that it was defendant's burden to prove that cocaine metabolites are not reliable measures of actual cocaine blood levels. However, the burden of proof was on the prosecution to prove each element of the offense—this includes proof of intoxication and/or a listed controlled substance in the bloodstream. *Feezel* makes clear that such a linkage must be shown in order to prove the element of intoxication. The majority suggests that the jury could infer intoxication, but without evidence of the metabolites half-life it is speculative to conclude it is sufficient. The majority also notes that defendant was driving the wrong way on a one-way street, an action that can, and does, occur without any involvement of drugs. The arresting officer's testimony provides no other support for the conclusion that defendant was intoxicated.

Accordingly, I would reverse defendant's conviction under MCL 257.625(4)(a) and dissent as to that issue.  In all other respects I concur.


/s/ Douglas B. Shapiro